# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**ABRAHAM RICARDO DEL VALLE**          **CASE NO.  1:26-CV-218 SEC P**
**SANABRIA ESPINOZA**

**VERSUS**                                              **JUDGE S. MAURICE HICKS, JR.**

**KRISTI NOEM, ET AL.**                         **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed on behalf of Abraham Ricardo Del Valle Sanabria Espinoza, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  At the time of filing, Petitioner was an immigration detainee at the River Correctional Center in Ferriday, Louisiana.  Petitioner alleged his detention was unlawful and sought his release or, alternatively, an individualized bond hearing.

Petitioner is a native and citizen of Venezuela.  He lawfully presented at a port of entry pursuant to a CBP One Appointment on August 27, 2024, was processed by DHS, and was granted humanitarian parole on August 30, 2024 so he could pursue asylum. On December 18, 2025, Petitioner was arrested by ICE at a routine check-in (Doc. 1).

Petitioner's order of removal became final on January 21, 2026.  On February 26, 2026, he was removed to Ecuador and is no longer detained (Doc. 7).

Because Petitioner has been deported, the Motion to Dismiss for Lack of Jurisdiction (Doc. 7) should be GRANTED, and the petition should be DISMISSED WITHOUT PREJUDICE.

### LAW AND ANALYSIS

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990).  Petitioner must continue to meet the case or controversy requirement.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  Petitioner's petition challenging his detention is moot because he has been deported (Doc. 7).  See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007).  If a controversy is moot, the court lacks subject matter jurisdiction.  Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that the Motion to Dismiss for Lack of Jurisdiction (Doc. 7) be **GRANTED** and the petition be **DISMISSED WITHOUT PREJUDICE**.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 19th day of May 2026.



Mark L. Hornsby
U.S. Magistrate Judge